*COLUMBIANA COUNTY—JUNE TERM, 1816.*

PRESENT—TAPPAN, *President;* SMITH, ATTERHOLT AND BROWN, *Associates.*

## M'DEVITT vs. POWEL.

TRESPASS, FOR TAKING AND DRIVING AWAY PLAINTIFF'S HORSES.

Who may take up estray animals.
Parole evidence cannot be given of the contents of a written instrument, which, for aught appears, might have been produced.

PLEA—Justifies, taking them up as estrays.

WRIGHT and POTTER, for plaintiff.

GOODENOW, REDICK, and BLOCKSOM, for defendant.

Defendant offered James Craighead, to prove that defendant is an householder.

Objected by plaintiff, that as the plea avers possession of a quarter section of land, proof of being an householder does not support the plea.

PRESIDENT.—This witness is offered to prove that the defendant was a qualified person to take up estrays. It is agreed that these horses were taken up within the settlement. Let us see, then, who may take up estrays. By the first section of the "act defining the duties of persons taking up estray animals, &c., it is enacted that "it shall be lawful for any person holding land in this State, by deed, title bond, or lease, for one or more years, and being in possession thereof, to take up any estrays, running at large, within the township where such taker up resides." It is necessary for the defendant to prove three things to support his justification:

1st. That he held land in this State by deed, title bond, or lease, for one or more years.

2d. That he was in possession of the same land.

3d. That the estrays were taken up within the township where he resided, or possessed such land.

As to the first point: A deed, title bond, or lease, is a contract in writing, of the contents of which no parole evidence can be received, unless it be first proven to have been lost or destroyed by accident, (which in this case is not pretended). The deed, title bond, or lease,

under which the defendant holds, must be produced, or his justification cannot be supported; it must be given in evidence, before any parole evidence of possession can be received, for until the written evidence of title is produced, there is nothing to which evidence of possession can apply.—Verdict for plaintiff.